(No. 5021—)

ADRIANA RYAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1966.*

*Petition of Claimant for Rehearing denied April 20, 1967.*

CALIENDO and CONNOR, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN, Assistant Attorney General, for Respondent.

DOVE, J.

This is an action brought by claimant, Adriana Ryan, against respondent, State of Illinois, to recover $10,000.00 in damages for personal injuries, which she sustained on March 6, 1960 when she slipped and fell upon the floor in the Administration Building at the Illinois Industrial School for Boys at Sheridan, Illinois, where she was visiting her son, Thomas Ryan, who was an inmate.

Claimant contends that respondent by its agents and servants carelessly, negligently and recklessly permitted the floor of the Administration Building to be and remain in a dangerous, defective, and otherwise unsafe condition, in that the floor was "highly slippery and slick due to the application of a foreign substance to the surface thereof"; that respondent and its agents and servants had notice of the condition of said floor, or, in the exercise of due care and caution, should have had notice.

Claimant testified that on March 6, 1960, which was a regular visiting day at the Illinois Industrial School for Boys at Sheridan, Illinois, she went to visit her son who was an inmate at the school; that Charles Post and his wife, Harriet Post, who also had a son at the school, picked her up near her home in Chicago, and drove her to Sheridan. When she arrived at the school, she requested the key to the ladies' room. As she walked

through the lobby toward the ladies' room, she was wearing low-heel shoes, commonly known as "loafers"; that the floor looked glassy, and smelled strongly from the odor of wax, and she noticed a boy who was applying wax to the floor. She then walked to the ladies' room, and on her way slipped on either a highly polished or damp spot, which caused her to lose her balance, fall, and fracture her leg at the right knee. She experienced a sharp pain in her right knee, and was unable to rise. She was helped to her feet by another lady who was present in the lobby, and proceeded to the wash room. The Posts had gone to get a cup of coffee at the time of the accident. After leaving the wash room she returned the key to the switchboard operator, and informed him that she had fallen, and stated she did not think she would be able to walk to the building where the visiting room was located. When she was called to visit her son, Mr. and Mrs. Post aided her to the visiting area. She visited with her son for approximately two hours, and then left the premises with the Posts who drove her to her apartment in Chicago. The testimony of Mrs. Post corroborated the statements of claimant.

Later, on the same day, claimant was taken to a hospital by ambulance, and was examined by Dr. C. R. Von Solbrig. He gave her pills, and confined her to bed in the hospital where she remained for approximately five days. Her right knee was set in a plaster cast extending from the ankle to the upper part of her right thigh. She was treated at home by Dr. Von Solbrig for approximately two months, and was released from his care in May, 1960.

On cross-examination, claimant stated that her son had been an inmate at Sheridan for approximately nine

months prior to the accident; that she had visited him about every two weeks, or about eighteen times in all; and, that her son, James, had been an inmate at Sheridan, and she had visited him there many times. She had used the wash room a number of times prior to the date of the accident. The floor had been highly polished on those occasions, but she had never fallen.

The witnesses for respondent testified that the floors in the Administration Building were clean and polished, but were not slippery; that they had worked at Sheridan for many years, but no one had slipped and fallen on the floor before.

In the case of *Lindberg* vs. *State of Illinois*, 22 C.C.R. 29, claimant sought to recover damages for personal injuries, which she sustained when she slipped and fell upon the concrete floor of the women's lavatory located in the Mississippi Palisades State Park. The Court said:

"It is fundamental that respondent is not an insurer of the safety of the patrons of the park, and, at the most, can only be held to that degree of care, which a reasonably prudent individual or organization would use in constructing and maintaining a like structure in a like location, under the same and similar circumstances. It is likewise fundamental that the burden of proof is upon claimant to establish negligence on the part of respondent, as well as her freedom from contributory negligence, before recovery can be had. In our judgment, claimant has not borne this burden of proof.

"It is clear from the evidence, and particularly from claimant's own testimony, that the very condition complained of was as apparent to claimant, as it would have been to any agents or servants of respondent had they been present. She, therefore, should be held to as high a degree of care for her own safety, as would be required of respondent in its conduct toward her. She should also be held to have assumed whatever risks were involved in going upon the wet floor, which were within themselves an incident to such act. There was no hidden danger. She was completely cognizant of the condition of the floor. The case, it seems to us, does not present a different situation in this regard than do those cases wherein a

slippery condition on the floor of a building has been brought about by rainfall. The law of Illinois is well settled in those cases wherein the person injured had as much knowledge of the condition as the owner of the store or building."

The burden of proof is upon claimant to prove by a preponderance or greater weight of evidence that it was the negligence of respondent, which was the proximate cause of her injuries, that she was free from any negligence whatsoever, and did not in any way contribute to her own injuries. It is our opinion that claimant has failed in this respect.

We, therefore, hold that claimant is not entitled to recover.